REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5804-GW-JPRx | Date | August 23, 2023 |
|---|---|---|---|
| Title | *Yehudah Younessian v. Miguel Rojas Mendoza, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING MOTION; REMANDING ACTION TO STATE COURT

      On July 18, 2023, defendant Miguel Rojas Mendoza ("Defendant"), *in pro per*, removed this unlawful detainer action to this Court. On July 28, 2023, plaintiff Yehudah Younessian ("Plaintiff") filed a motion to remand, setting that motion for a September 7, 2023 hearing date. *See* Docket No. 9. Defendant did not oppose that motion, and his time to do so has expired. *See* C.D. Cal. L.R. 7-9. The Court may consider such a failure to be consent to the motion being granted. *See* C.D. Cal. L.R. 7-12. In addition, this Court is obligated to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). That jurisdiction is clearly lacking here.

      Plaintiff's motion raises both procedural defects and a lack of subject matter jurisdiction as grounds for the requested remand. The Court will not address the procedural defect issue, as the ground asserted is that Defendant did not remove the action within the 30-day window afforded him. But for that defect to be implicated, the Complaint would have had to reveal, on its face, grounds for removal. *See, e.g.*, *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090-91 (9th Cir. 2021); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-97 (9th Cir. 2005). As discussed below, there was never a basis for removal here, so the 30-day clock never started.

      With respect to the issue of subject matter jurisdiction, federal courts possess limited jurisdiction, having such jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and "[t]he

                                                                                                               :

Initials of Preparer    JG

REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5804-GW-JPRx | Date | August 23, 2023 |
|---|---|---|---|
| Title | *Yehudah Younessian v. Miguel Rojas Mendoza, et al*. | | |

removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (omitting internal citations).

  It is the face of the plaintiff's pleading that a federal court examines in attempting to discern jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As noted previously, this is an unlawful detainer action. Although it is not entirely clear, in his Notice of Removal Defendant appears to present certain defenses to Plaintiff's action that he believes might have some connection to federal law. *See* Notice of Removal ¶¶ 4, 8-12, 15-16.[1] This is not a basis for a removal based upon the existence of a federal question. *See Caterpillar*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). The face of Plaintiff's Unlawful Detainer Complaint reveals no cause of action founded upon, nor any issue of, federal law. In addition, Defendant has not claimed that this Court has diversity jurisdiction over the action, notwithstanding Plaintiff's decision to address that issue in the motion to remand.

  To the extent Defendant believes that he has a basis for removal under 28 U.S.C. § 1443[2], *see*

---

[1] In his Notice of Removal, Defendant states that "Plaintiff cannot reach the well pleaded complaint rule when it is done by fraud," citing 18 U.S.C. § 1001. *See* Notice of Removal ¶ 8. Section 1001 of Title 18 is a federal criminal statute, and has nothing to do with the well-pleaded complaint rule. In fact, subparagraph (b) of that section specifically exempts "a party to a judicial proceeding, or that party's counsel" from the criminal liability set forth in subparagraph (a) "for statements, representations, writings or documents submitted by such party or counsel to a judge . . . in that proceeding." 18 U.S.C. § 1001(b).

[2] Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

                                      :

Initials of Preparer  JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5804-GW-JPRx | Date | August 23, 2023 |
|---|---|---|---|
| Title | *Yehudah Younessian v. Miguel Rojas Mendoza, et al*. | | |

Notice of Removal, at 1:17-24, 4:1-6, 5:21-26 & ¶¶ 22-23, this is not a valid basis for removing actions subject to California's unlawful detainer laws and procedures. *See, e.g.*, *Copeland v. Morgan Stanley Capital Tr.*, No. CV 23-3536-AB (JPR), 2023 WL 4313118, *2 (C.D. Cal. July 3, 2023); *HSBC Bank USA v. Coria*, No. 2:22-cv-01003-DMG (AFMx), 2022 WL 504563, *1 (C.D. Cal. Feb. 18, 2022); *Shane Inv. Grp., LLC v. Greater Metro. Missionary Baptist Church of L.A.*, No. CV 19-8758-GW (AGRx), 2019 WL 5538835 (C.D. Cal. Oct. 23, 2019).

      Given the undeniable absence of federal jurisdiction, the Court remands the matter to Los Angeles County Superior Court forthwith. *See, Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). Both the hearing on this motion and the scheduling conference set for September 7, 2023 are vacated. *See* C.D. Cal. L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | JG |